181 F.2d 479
 UNITED STATES,
v.
DOYLE.
 No. 182, Docket 21581.
 United States Court of Appeals Second Circuit.
 Argued April 4, 1950.
Decided April 18, 1950.
 
 Englander & Englander, New York City, for appellant.
 George L. Grobe, U.S. Atty., Buffalo, N.Y., Michael J. McMorrow Buffalo, N.Y. of counsel, for appellee.
 Doyle was indicted in the Western District of New York on May 5, 1949. The indictment read as follows: 'On or about the 19th day of February, 1948, the defendant, Charles A. Doyle, an alien and native of Scotland, unlawfully obtained entry into the United States from the Dominion of Canada by willfully making false and misleading misrepresentations to immigration officials and by willful concealment of a material fact in violation of Section 180a, Title 8, U.S.C.A.'
 8 U.S.C.A. § 180a reads as follows: 'Any alien who after March 4, 1929, enters the United States at any time or place other than as designated by immigration officials or eludes examination or inspection by immigration officials, or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall be guilty of a misdemeanor and, upon conviction, shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000, or by both such fine and imprisonment.'
 At the trial, witnesses for the government testified as follows: The defendant, born in Scotland, arrived in the United States for permanent residence in 1923. He resided in the vicinity of Buffalo, New York. On January 9, 1948, the defendant, in possession of a border crossing card issued by the Immigration & Naturalization Service, crossed from the United States into Canada. On the same day and the next day, Mrs. Delahunt, a United States Immigration Officer, received, through official channels, confidential and special information concerning the defendant. On January 11, 1948, the defendant presented himself at Niagara Falls, Ontario, for re-entry to the United States. He was examined by Mrs. Delahunt who, although defendant handed her his border crossing card, temporarily excluded him on the basis of the confidential information. Later that day, a Board of Special Inquiry was convened, and decided that the defendant was to be excluded from admission to the United States. On appeal to the Board of Immigration Appeals, this action was overruled and a new hearing was ordered. The new hearing, scheduled for February 1, 1948, was adjourned to February 25, 1948. The defendant was last seen in Niagara Falls, Ontario, on either the night of the 17th or the morning of the 18th of February. He voluntarily appeared in the New York City office of the Immigration & Naturalization Service on February 20, 1948.
 The defendant did not take the stand or did he offer any evidence. At the close of the government's evidence, the defendant moved to dismiss the indictment and for a directed verdict. The trial judge denied the motions. In his charge to the jury, he said, inter alia: 'The defendant here, Doyle, is charged with the offense of making false and misleading representations to the immigration officers and wilfully concealing material facts in order to obtain entry into this country as an alien, in violation of the law.' The jury found the defendant guilty. Defendant moved in arrest of judgment and for a new trial. The judge denied this motion, entered a judgment of conviction, and imposed a sentence of one year imprisonment and a fine of $500. Defendant has appealed.
 Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 An alien may violate the statute, 8 U.S.C.A. § 180a, in any one of three ways. He may (1) 'enter the United States at any time or place other than as designated by immigration officials', or he may (2) 'elude examination or inspection by immigration officials,' or he may (3) 'obtain entry * * * by a willfully false or misleading representation or the willful concealment of a material fact.' The indictment refers to Sec. 180a, but the acts charged in the indictment are solely those coming within item (3) above; and the trial judge in his charge told the jury that defendant was so charged.
 
 
 2
 On that basis, the evidence was insufficient. For, from defendant's presence in this country, the jury could not properly infer that he must have made false or misleading representations or been guilty of wilful concealment. For all that appears, he might have come in by 'eluding' the immigration officers, or might have entered the country at a time or place not officially designated.[1]
 
 
 3
 Reversed.
 
 
 
 [1]
 8 C.F.R. 110.53 sets up a procedure for examination in this country of those who, possessing proper documents, have entered without examination. It may be, although we do not so decide, that that procedure recognizes that a person may enter at an officially designated point without being examined, i.e., without 'eluding' examination, and also without misrepresentation or concealment